1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

11 LEON REYES,

Case No.  1:17-cv-01065-SAB

12              Plaintiff,

ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42

13       v.

U.S.C. § 406(b)

14 COMMISSIONER OF SOCIAL
SECURITY,

(ECF Nos. 22, 23)

15

16              Defendant.

17

18        Petitioner Cyrus Safa ("Counsel"), attorney for Leon Reyes ("Plaintiff"), filed the instant

19 motion for attorney fees on December 7, 2020.   Counsel requests fees in the amount of

20 $15,000.00 pursuant to 42 U.S.C. § 406(b)(1).   Plaintiff has not objected to the request.   On

21 December 22, 2020, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff,

22 filed a response to Petitioner's motion providing an analysis of the fee request.

23 **I.**

24 **BACKGROUND**

25        Plaintiff filed a complaint challenging the denial of social security benefits on August 8,

26 2017.  (ECF No. 1.)  On May 16, 2018, a stipulation was filed to remand this action for further

27 administrative proceedings.  (ECF No. 17.)  On May 17, 2018, an order was filed remanding this

28 action and judgment was entered in favor of Plaintiff and against the Commissioner of Social

1

1    Security.  (ECF Nos. 18, 19.)  On August 15, 2018, Plaintiff was awarded attorney fees of

2    $2,775.00 at the stipulation of the parties.  (ECF Nos. 20, 21.)

3           On remand, the ALJ found that Plaintiff was disabled as of May 19, 2009, and past

4    benefits were awarded in the amount of $94,402.60.[1]  (ECF Nos. 22-2 at 9; ECF No. 22-3 at 2.)

5    The Commissioner withheld $23,600.65 from the past-due benefit for attorney fees.  (ECF No.

6    22-3 at 2.)  This amount equals 25 percent of the retroactive benefit award.  (Id.)  In the instant

7    motion, Petitioner seeks $15,000.00 for work performed in this action.[2]

8                                              **II.**

9                                       **LEGAL STANDARD**

10          In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a

11   judgment favorable to a claimant . . . who was represented before the court by an attorney," the

12   court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due

13   benefits to which the claimant is entitled by reason of such judgment."  The payment of such

14   award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

15          The Supreme Court has explained that a district court reviews a petition for section 406(b)

16   fees "as an independent check" to assure that the contingency fee agreements between the

17   claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v.

18   Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful

19   attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

20   it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-

21   five percent maximum fee is not an automatic entitlement, and courts are required to ensure that

22   the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace

23   contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review

24

25   [1] The award letter does not state the amount of back benefits awarded, but does state that twenty
     five percent, or $23,600.65, was withheld from the past due benefits.  (ECF No. 22-3 at 2.)  This
26   would make the total award $94,402.60 (4 x $23,600.65).

27
     [2] The parties have consented to the jurisdiction of the magistrate judge and this matter has been
28   assigned to the undersigned for all purposes.  (ECF Nos. 7, 8, 24.)

1    for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of

2    twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at

3    1148. The attorney has the burden of demonstrating that the fees requested are reasonable.

4    Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

5         In determining the reasonableness of an award, the district court should consider the

6    character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,

7    an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

8    Gisbrecht, 535 U.S. at 796.

9         The Ninth Circuit has identified several factors that a district court can examine under

10   Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met

11   his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the

12   standard of performance of the attorney in representing the claimant; (2) whether the attorney

13   exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of

14   past-due benefits; and (3) whether the requested fees are excessively large in relation to the

15   benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586

16   F.3d at 1151.

17                                        **III.**

18                                   **DISCUSSION**

19        The Court has conducted an independent check to insure the reasonableness of the

20   requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement

21   between Plaintiff and Petitioner provides for "a separate 25% of the past due benefits awarded

22   upon reversal of any unfavorable ALJ decision for work before the court.. (Social Security

23   Representation Agreement, ECF No. 22-1.) Plaintiff has been awarded benefits from March 2012

24   through September 2020 in the amount of $94,402.60. (ECF No. 22-3 at 1, 3.[3]) In determining

25   the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

26        There is no indication that a reduction of fees is warranted for substandard performance.

27

28   [3] As discussed at footnote 1, the amount of the award was determined by multiplying the amount withheld for attorney fees by four.

1    Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.

2    Although this action does involve eight years of backpay, there is no indication that Counsel was

3    responsible for any substantial delay in the court proceedings.  Plaintiff agreed to a 25 percent fee

4    at the outset of the representation and Petitioner is seeking payment of $15,000.00 which is

5    approximately fifteen percent of the backpay award.  The $15,000.00 fee is not excessively large

6    in relation to the past-due award of $94,402.60.   In making this determination, the Court

7    recognizes the contingent nature of this case and Counsel's assumption of the risk of going

8    uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

9        In support of the motion, Petitioner submits a log of the time spent in prosecuting this

10   action. (ECF No. 22-4.)  The log demonstrates that Petitioner spent 12.3 hours and his paralegal

11   spent 3.2 hours, for a total of 15.5 hours, on this action.  (Id.)  When considering the total amount

12   requested by Petitioner, the fee request translates to $967.74 per hour for the services of petitioner

13   and his paralegal in this action.  In Crawford the appellate court found that a fee of $875 and $902

14   per hour, for time of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at

15   1152 (dissenting opinion).

16       Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find

17   fee awards much higher than this to be reasonable.  Williams v. Berryhill, No. EDCV 15-919-

18   KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an

19   hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL

20   3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the

21   circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal.

22   Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services);

23   see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7,

24   2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee

25   amount represented in a § 406 fee award.")

26       The Court finds that the requested fees are reasonable when compared to the amount of

27   work Petitioner performed in representing Plaintiff in court.  Petitioner's representation of the

28   claimant resulted in the action being remanded for further proceedings and ultimately benefits

4

were awarded.  Counsel also submitted a detailed billing statement which supports the request. (ECF No. 22-4.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has previously been awarded $2,775.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $15,000.00 is GRANTED;

2.    Pursuant to counsel's request, this amount shall be paid directly to Cyrus Safa. The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

3.    Petitioner is ordered to refund $2,775.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **January 12, 2021**

_____
UNITED STATES MAGISTRATE JUDGE